# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN YARPEZESHKAN and MARYAM YARPEZESHKAN,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC SYSTEMS, INC.; REAL TIME RESOLUTIONS, INC.; THE BANK OF NEW YORK MELLON as Trustee for the Certificate Holders of the CWALT formerly known as The Bank of New York; ALTERNATIVE LOAN TRUST 2006-0A19; MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-0A19 and Successor Trustee to J.P. Morgan Chase Bank, N.A.. as Trustee on Behalf of the Certificate Holders of the CWHEQ Inc.; and CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2006-G,<br><br>Defendants. | CASE NO. 14-cv-237 JM (BGS)<br><br>ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND |

  On February 26, 2014, Defendant Real Time Resolutions, Inc. ("Real Time") filed a motion to dismiss Plaintiffs' complaint. (Dkt. No. 4). That same day, Defendants Bank of America, N.A. ("Bank of America"), Mortgage Electronic Systems, Inc. ("MERS"), and The Bank of New York Mellon ("BNYM") also filed a motion to dismiss Plaintiffs' complaint. (Dkt. No. 6.) The motions have been

- 1 -                                    14-cv-237 JM (BGS)

1  fully briefed by both sides, and the court finds this matter suitable for resolution on
2  the papers without oral argument pursuant to Civil Local Rule 7.1.d.1.  For the
3  reasons set forth below, Defendants' motions to dismiss are GRANTED WITH
4  LEAVE TO AMEND.

## BACKGROUND

On June 27, 2006, Plaintiffs obtained two loans.  The first loan, a mortgage in the amount of $1,499,999 (the "First Loan"), is secured by a Deed of Trust ("First DOT") on real property located at 2810 Inverness Drive, La Jolla, California 92037 (the "Property").  (Compl. ¶ 10; Defendants' Request for Judicial Notice ("RJN") Exh. A).[1]  The First DOT lists Countrywide Home Loans, Inc. as the lender, ReconTrust Company, N.A. as trustee, and MERS as beneficiary.  (Id.)  That same day, Plaintiffs obtained a second loan, a home equity line of credit (the "HELOC", together with the First Loan, the "Loans"), in the amount of $1,180,605, secured by a Deed of Trust and Assignment of Rents on the Property (the "Second DOT").  (Compl. ¶ 17; RJN Exh. B).  The Second DOT also lists the lender as Countrywide Bank, N.A., ReconTrust Company, N.A. as trustee, and MERS as beneficiary.  (Id.)

On August 30, 2006, Plaintiffs' HELOC was sold to CWHEQ Revolving Home Equity Loan Trust 2006-G, a mortgage-backed securities trust ("MBS Trust").  (Compl. ¶ 19).  On November 30, 2006, Plaintiffs' First Loan was sold to

---

[1] Defendants Bank of America, MERS, and BNYM's have attached a request for judicial notice to their motion to dismiss. (Dkt. No. 6-2). Defendants ask the court take judicial notice of the following documents: (1) Deed of Trust for the First Loan as recorded in the Official Records of San Diego County, California, on July 7, 2006; (2) Deed of Trust and Assignment of Rents for the HELOC as recorded in the Official Records of San Diego County, California, on July 7, 2006; (3) Assignment of the First Loan's Deed of Trust as recorded in the Official Records of San Diego County, California, on September 13, 2011; and (4) Assignment of the HELOC's Deed of Trust as recorded in the Official Records of San Diego County, California, on July 16, 2011. Plaintiffs object to the truth of the contents of these documents, but do not oppose the court taking judicial notice of these documents for the limited purpose of establishing that the documents were recorded in the land records of San Diego County on the dates stamped by the Recorder's Office. (Dkt. No. 7-1). Accordingly, the court grants Defendants' request and takes judicial notice of these documents and their contents for the limited purpose of demonstrating that the documents were duly recorded, filed, or published on the relevant dates in the Official Records of San Diego County, California.

Alternative Loan Trust 2006-OA19, a different MBS Trust. (Id. at ¶ 19). BNYM serves as trustee for both of the MBS Trusts. (Id.) Plaintiffs allege the sale of the Loans to the MBS Trusts were "made without the required intervening assignment of Plaintiffs' Deed of Trust and endorsement of the Note" before the closing dates of the MBS Trusts as required by the governing MBS Trust documents. (Id. at ¶¶ 25, 27). Plaintiffs contend this failure "resulted in an irreversible break in the chain of title and ownership of the subject mortgage loans" and, thus, "the current beneficiary, mortgagee or secured lender are unknown." (Id. at ¶ 30).

On July 6, 2012, Defendant MERS purported to assign the DOT for Plaintiffs' HELOC to BNYM as trustee on behalf of the certificate holders of the CWHEQ revolving Home Equity Loan Trust 2006-G. (Id. ¶ 34). On August 22, 2011, MERS attempted to assign the DOT for Plaintiffs' First Loan to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2006-OA19, Mortgage Pass-Through Certificates, Series 2006-OA19. (Id. ¶ 33). However, Plaintiffs allege the beneficial interest in Plaintiffs' Loans formerly held by Countrywide, the original lender for which Defendant MERS served as nominee, was extinguished in 2006 when the Loans were sold to the MBS Trusts. (Id. at ¶¶ 19, 21). As MERS had no interest in Plaintiffs' Loans when it purported to assign the beneficial interests under the DOTs to BNYM as trustee, Plaintiffs contend the 2011 Assignments are null and void.

Plaintiffs further allege the 2011 Assignment of the First Loan is fraudulent and void because MERS was never the securities trust depositor. (Id. at ¶ 33). The governing trust documents provide that only the depositor in the securitization transaction may transfer Plaintiffs' mortgage to BNYM as trustee for the Alternative Loan Trust 2006-OA19. (Id.) Therefore, Plaintiffs' contend the Assignment is invalid, ineffective and void. (Id.)

- 3 -                                                                 14-cv-237 JM (BGS)

1  Bank of America placed Plaintiffs' HELOC in collection with Defendant Real
2  Time, effective April 1, 2013.  (Id. at ¶ 35).  Bank of America purports to be the
3  current loan servicer by merger with BAC Home Loans Servicing, LP f/k/a
4  Countrywide Home Loans Servicing, LP, the original loan servicer for both Loans.
5  (Id. at ¶ 18).

6  Based on these factual allegations, Plaintiffs allege seven causes of action in
7  the complaint: (1) Declaratory Relief; (2) Quiet Title; (3) Fraud; (4) Violation of
8  Bus. & Profs. Code § 17200, *et seq.*; (5) Unjust Enrichment; (6) Accounting; and (7)
9  Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

## LEGAL STANDARD

11  For a plaintiff to overcome a Rule 12(b)(6) motion to dismiss for failure to
12  state a claim, the complaint must contain "enough facts to state a claim to relief that
13  is plausible on its face." Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim
14  has facial plausibility when the plaintiff pleads factual content that allows the court
15  to draw the reasonable inference that the defendant is liable for the misconduct
16  alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Factual pleadings merely
17  consistent with a defendant's liability are insufficient to survive a motion to dismiss
18  because they only establish that the allegations are possible rather than plausible.
19  See id. at 678-79.  The court should grant 12(b)(6) relief only if the complaint lacks
20  either a "cognizable legal theory" or facts sufficient to support a cognizable legal
21  theory.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

22  In addition, when resolving a motion to dismiss for failure to state a claim,
23  courts may not generally consider materials outside the pleadings.  Schneider v. Cal.
24  Dep't of Corrs., 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998); Jacobellis v. State Farm
25  Fire & Cas. Co., 120 F.3d 171, 172 (9th Cir. 1997); Allarcom Pay Television Ltd. v.
26  Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995).  "The focus of any Rule
27  12(b)(6) dismissal . . . is the complaint." Schneider, 151 F.3d at 1197 n. 1.  This
28  precludes consideration of "new" allegations that may be raised in a plaintiff's

opposition to a motion to dismiss brought pursuant to Rule 12(b)(6).  Id. (citing Harrell v. United States, 13 F.3d 232, 236 (7th Cir. 1993); 2 Moore's Fed. Prac. § 12.34[2] (Matthew Bender 3d ed.)).

However, "[w]hen a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal [i]s proper . . . ." Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (citing Cooper v. Bell, 628 F.2d 1208, 1210 n. 2 (9th Cir. 1980)).  The court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. . . ."  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) *overruled on other grounds by* Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002)).

## DISCUSSION

The "thrust of Plaintiffs' Complaint is that none of the named party defendants has standing to institute and pursue foreclosure activity against them or to collect monthly mortgage payments from them." (Compl. ¶ 1).  While basing all of their claims on this general premise, Plaintiffs assert two conflicting theories.

In the first of Plaintiffs' theories, they allege the initial sales of Plaintiffs' Loans to the MBS Trusts extinguished all beneficial interest in Plaintiffs' Loans held by Countrywide Home Loans, Inc., the original lender, and its nominee, MERS.  (Id. at ¶¶ 2, 3).  As a result of the securitization of the Loans, Plaintiffs allege MERS had no interest in Plaintiffs' Loans to assign to BNYM as Trustee for the certificate holders of the Alternative Loan Trust 2006-OA19 in 2011.  (Id.)  Accordingly, Plaintiffs argue the 2011 assignments were "fraudulent, null and void." (Id.)

Alternatively, Plaintiffs contend "it is an indisputable fact that the attempted securitization of Plaintiffs' Loans failed."  (Id. at ¶ 5).  Plaintiffs argue the sales to the MBS Trusts were made without the required intervening assignment of Plaintiffs' DOTs and endorsement of the Notes. (Id. at ¶ 29).  Defendants' failure to

make the required assignments among the participants in the securitization transactions before the closing dates of the mortgage-backed securities trusts "resulted in an irreversible break in the chain of title and ownership of the subject mortgage loans." (Id. at ¶ 30). Thus, Plaintiffs allege the 2011 assignments of Plaintiffs' mortgage loans to BNYM were part of a scheme devised by the Defendants to obscure the fact that Plaintiffs' mortgage loans were never validly transferred to the MBS Trusts in 2006. (Id. at ¶ 5).

Essentially, Plaintiffs' complaint alleges Defendants do not have a beneficial interest in their mortgages because (1) securitization extinguished any interest in the loans held by Countrywide Home Loans, Inc. as the initial lender and servicer, and (2) the securitization of the mortgages failed. Notably, Plaintiffs do not state these arguments in the alternative; rather, they allege both simultaneously. While Plaintiffs are entitled to plead mutually exclusive alternative theories of their case, Plaintiffs' complaint alleges contradictory facts that fail to provide fair notice to Defendants regarding the bases for Plaintiffs' claims. See Rieber v. Onewest Bank FSB, 2014 WL 1796706, at *3 (S.D. Cal. May 6, 2014) (citing PAE Gov't Servs., Inc. v. MPRI, Inc., 514 F.3d 856, 859 (9th Cir. 2007)); Greetis v. PNC Financial Servs. Group, Inc., 2014 WL 714894, at *2 (S.D. Cal. Feb. 21, 2014). Where Plaintiffs' theory regarding the securitization of their loan and who holds the interest in their loan is too unclear for the court to consider arguments regarding the alleged securitization and sale, it is appropriate to dismiss the complaint and allow Plaintiffs leave to amend the complaint in order to clarify its factual allegations and legal theories. Greetis, 2014 WL 714894, at *2 (S.D. Cal. Feb. 21, 2014)(citing Lester v. JP Morgan Chase Bank, 926 F. Supp. 2d 1081, 1091 (N.D. Cal. 2013) (dismissing claims where plaintiff simultaneously claimed that the mortgage loan was sold to a trust and could not be assigned, and also that the loan was improperly securitized)).

Moreover, Plaintiffs' contradictory allegations appear to support legally

1  impermissible claims. Assuming the securitization was successful, Plaintiffs'
2  argument that securitization extinguished any interest in the loans held by
3  Countrywide Home Loans, Inc. fails because parties do not lose their interest in a
4  loan when it is assigned to a trust pool. Lane v. Vitek Real Estate Industries Group,
5  713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010)(citing Benham v. Aurora Loan Servs.,
6  2009 WL 2880232, at *3 (N.D. Cal. Sep. 1, 2009)("Other courts ... have summarily
7  rejected the argument that companies like MERS lose their power of sale pursuant to
8  the deed of trust when the original promissory note is assigned to a trust pool.");
9  Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1039, 1042-43 (N.D. Cal.
10 2009).

11       Similarly, if securitization of the mortgages failed, Plaintiffs lack standing to
12 challenge the securitization process because they were not parties to the agreement
13 that securitized the note. See Burke Burke v. JPMorgan Chase Bank, N.A., 2014
14 WL 129050, at *2 (N.D. Cal. Jan. 14, 2014); Pugh v. JPMorgan Chase Bank, N.A.,
15 2013 WL 5739147, at *2 (E.D. Cal. Oct. 22, 2013); Junger v. Bank of Am., N.A.,
16 2012 WL 603262, at *3 (C.D. Cal. Feb. 24, 2012). Plaintiffs rely on Glaski v. Bank
17 of America for the proposition that a borrower has standing to challenge the
18 assignment of a loan to a securitized trust, even if he was not a party to or a
19 beneficiary of the assignment agreement. 218 Cal. App. 4th 1079, 1097 (2013).
20 However, as Defendants point out, the decision in Glaski has been largely rejected
21 by courts as the minority view. Covarrubias v. Federal Home Loan Mortg. Corp.,
22 2014 WL 311060, at *4 (S.D. Cal. Jan. 28, 2014)(declining to follow Glaski and
23 holding that the plaintiff lacked standing to challenge an agreement to which she
24 was not a party); Rivac v. Ndex W. LLC, 2013 WL 6662762, at *4 (N.D. Cal.
25 Dec.17, 2013) ("This court is persuaded by the majority position of courts within
26 this district, which is that Glaski is unpersuasive, and that plaintiffs lack standing to
27 challenge noncompliance with a PSA in securitization unless they are parties to the
28 PSA or third party beneficiaries of the PSA.") (quotation and citations omitted);

Boza v. U.S. Bank Nat'l Ass'n, 2013 WL 5943160, at *6 (C.D. Cal. Oct.28, 2013) ("The majority of federal district courts that have addressed the issue whether a borrower has standing to challenge securitization of a note by its transfer to a trust in an allegedly defective manner, are in accord with Jenkins. And, several state and district courts that have analyzed the effect of New York law on post-closing date acquisitions, like the one at issue in Glaski, have concluded that such transfers are voidable rather than void.") (citations omitted); Newman v. Bank of New York Mellon, 2013 WL 5603316, at *3 n. 2 (E.D. Cal. Oct.11, 2013) ("[N]o courts have yet followed Glaski and Glaski is in a clear minority on the issue. Until either the California Supreme Court, the Ninth Circuit, or other appellate courts follow Glaski, this Court will continue to follow the majority rule.").[2] Opting to apply the majority rule, the court declines to follow Glaski and finds that Plaintiffs lack standing to challenge the securitization of their Loans as they were not parties to the relevant agreements.

In Plaintiffs' complaint, each of the asserted causes of action relies upon either Plaintiffs' theory that securitization failed or Plaintiffs' theory that the valid securitization of the Loans in 2006 divested MERS of its ability to assign the Loans to BNYM in 2011. Thus, as currently pled, neither Defendants nor the court have sufficiently clear information to address Plaintiffs' claims. Plaintiffs' inconsistent allegations simply do not provide a cognizable legal theory or facts sufficient to support a cognizable legal theory.

## CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss are GRANTED WITH LEAVE TO AMEND. However, the court notes an amended complaint must set forth specific and plausible allegations explaining why

---

[2] See also In re Davies, --- Fed.Appx. ----, 2014 WL 1152800, at *2 (9th Cir. Mar. 24, 2014)(noting its belief that the California Supreme Court would ultimately agree with the weight of authority in California holding that debtors who are not parties to the pooling and servicing agreements cannot challenge them, despite the court's holding in Glaski).

1  Defendants lack sufficient interest to foreclose on Plaintiffs' mortgages.  Plaintiffs
2  must file any amended complaint on or before July 28, 2014.  Failure to do so may
3  result in dismissal of this action with prejudice.
4      IT IS SO ORDERED.
5  DATED: July 2, 2014

6  _____
7  Hon. Jeffrey T. Miller
   United States District Judge